# THE BENDAU LAW FIRM, PLLC

# Exhibit B

Clifford P. Bendau, II (State Bar #030204)
Christopher J. Bendau (State Bar #032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com

*Attorneys for Plaintiffs*

Erica K. Rocush (State Bar #021297)
LEWIS BRISBOIS BISGAARD & SMITH LLP
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: (602) 385-1040
Facsimile: (602) 385-1051
Email: Erica.Rocush@lewisbrisbois.com

Brad Logan (State Bar #015165)
LAW OFFICES OF NICOLOSI GALLUZO, LLP
4132 W. Venus Way
Chandler, AZ 85226
Telephone: (602) 635-6927
Email: blogan@nicgal.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Luis E. Lopez, et al., | No. 2:17-CV-00481-SPL |
|---|---|
| Plaintiffs, | |
| vs. | |
| JWE Enterprises Inc., et al., | |
| Defendants. | |

## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

This Collective Action Settlement Agreement and Release ("Agreement") is entered into by Luis E. Lopez ("Plaintiff"), Manuel Barrera, Benedictina Palacios, Nayeli Vargas, Pablo Galindo, Adalila Sandoval, and David Grado ("Opt-in Plaintiffs") (Plaintiff and Opt-in Plaintiffs are collectively herein referred to as "Plaintiffs") and JWE Enterprises Inc., Squeaky Clean Car

4831-3889-8775.1                         -1-

Wash-Shea LLC, and John Epley and Janell Epley, (collectively "Defendants"). Plaintiffs and Defendants shall be collectively referred to herein as the "Parties." The Agreement is effective upon its execution by all Parties hereto.

## RECITALS

A.  Plaintiffs and Defendants are parties to the lawsuit styled *Luis E. Lopez, et al. v. JWE Enterprises, Inc., et al.*, Case No. 2:17-CV-00481-SPL, which is pending in the United States District Court for the District of Arizona ("Lawsuit").

B.  In the Complaint filed in the Lawsuit ("Complaint"), Plaintiff generally alleges that he and certain similarly situated individuals performed worked for one or more of the Defendants, and were not paid overtime to which they were entitled for that work, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendants deny Plaintiffs' allegations and assert affirmative defenses.

C.  After significant discovery in the Lawsuit – including written discovery, substantial negotiations, and the exchange of class data and damage calculations – the Parties have agreed to settle the Lawsuit according to the terms of this Agreement (the "Settlement").

D.  The Parties have agreed to settle the Lawsuit on a class-wide basis. The settlement class consists of the Plaintiffs.

E.  Plaintiffs are represented by Clifford Bendau and Christopher Bendau of The Bendau Law Firm PLLC ("Class Counsel").

F.  Defendants are represented by Erica Rocush of Lewis Brisbois Bisgaard & Smith LLP and Brad Logan of Law Offices of Nicolosi Galluzo, LLP.

G.  Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to this Agreement, Class Counsel has considered: (a) the facts developed during discovery and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this settlement according to the terms of this Agreement. Plaintiffs and Class Counsel have concluded that the terms of this Agreement are fair, reasonable, and adequate, and that it is in the best interests of Plaintiffs to settle their claims against Defendants pursuant to the terms set forth herein.

H.  Defendants deny the allegations asserted in this Lawsuit and the Complaint and deny that they engaged in any wrongdoing or violation of law. Defendants are entering into this Agreement because it will eliminate the burden, risk, uncertainty, and expense of further litigation. Except for purposes of the settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession, or indication by or against Defendants of any fault, wrongdoing, or liability whatsoever, including any concession that maintenance of a collective or class action other than for purposes of this settlement would be appropriate in the Lawsuit or any other case.

I.     The Parties recognize that Court approval of any settlement is required to effectuate the Settlement, and that the Settlement will not become operative until the Court approves it and the Settlement becomes effective.

J.     The Parties stipulate and agree that, for settlement purposes only, the requisites for final collective action certification under the FLSA, pursuant to 29 U.S.C. § 216(b), are met. Should this Agreement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether certification would be appropriate in a non-settlement context.

K.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Plaintiffs' claims against Defendants shall be settled, compromised, and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Plaintiffs in the manner and upon the terms and conditions set forth below.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.     **Settlement Amount.** In consideration for compliance with the terms of this Agreement, including the releases of claims and dismissal of the Lawsuit described herein, Defendants agree to pay the total sum of Fifty Thousand and 00/100 dollars ($50,000.00) ("Settlement Amount"). The Settlement Amount shall be "all-inclusive," including (1) any unpaid minimum wage, overtime pay, other wage, incentive compensation, liquidated damage, other damage, reimbursement, and/or penalty allegedly owed to the Plaintiffs, Class Counsel, or any other entity because of, associated with, or relating to the alleged failure to pay the Plaintiffs minimum wage, straight time, and/or overtime compensation; (2) interest, attorneys' fees, costs, and expenses; (3) settlement payments; (4) employee-paid withholding and payroll taxes (including federal income taxes, social security contributions, and unemployment taxes); and (5) all other settlement-related payments and costs. Under no circumstances will Defendants' liability for payments in the Lawsuit exceed the Settlement Amount.

Defendants shall pay the Settlement Amount by delivering two checks as follows: the first check in the form of a cashier's check for TWENTY-FIVE THOUSAND DOLLARS ($25,000) payable to The Bendau Law Firm PLLC IOLTA Account will be delivered via mail, on or before January 7, 2017 and the second check in the form of a cashier's check for TWENTY-FIVE THOUSAND DOLLARS ($25,000) payable to The Bendau Law Firm PLLC IOLTA Account will be delivered via mail on or before February 7, 2017. IRS Forms 1099 shall be issued in relation to the payments to each Plaintiff and The Bendau Law Firm PLLC, in amounts proportional to the distribution of settlement proceeds, as more fully described below. All amounts paid shall remain deposited in The Bendau Law Firm PLLC IOLTA Account until the Court approves this settlement, at which time The Bendau Law Firm PLLC shall disburse the amounts to the Plaintiffs in the amounts described below.

**2.    Plaintiffs' General Release.** In exchange for the benefits to be received by Plaintiffs under this Settlement Agreement, upon the Court's entry of an order approving this Settlement Agreement, Plaintiffs release and forever discharge each of Defendants and any of their past, present, and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers from any and all state, local, or federal claims, demands, violations of rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to the Arizona Employment Protection Act, A.R.S. § 23-1501 et seq., the Arizona Employee Drug Testing Law, A.R.S. §23-493 et seq., the Arizona Civil Rights Act, A.R.S. § 41-1401 et seq., Arizona's Wage Act, A.R.S. § 23-350 et seq., Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Dodd–Frank Wall Street Reform and Consumer Protection Act; the Truth in Lending Act; the Equal Pay Act; the Fair Labor Standards Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Older Workers Benefit Protection Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended, including Section 510; the National Labor Relations Act; the False Claims Act; state unfair and deceptive trade practice statutes; state and federal whistleblower statutes; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, action or grievance based upon any conduct that has occurred up to and including the date of the Court's order approving this Agreement.

Each Plaintiff represents, acknowledges, and affirms that, with the exception of this Lawsuit, he/she has not filed or otherwise initiated any other lawsuit, complaint, allegation of wrongdoing, allegation or assertion of wrongful or illegal conduct, charge, demand or any other type of proceeding against any of the Defendants in or with any local, state, or federal court or local, state, or federal governmental agency, commission, official, department or enforcement authority based upon any events or items occurring prior to and through the date of execution of this Settlement Agreement. Each Plaintiff expressly waives any right to damages, any other legal and equitable relief, attorney's fees or costs, award or recovery under any local, state, or federal law and any whistleblower laws and regulations (including, without limitation, any state or federal false claims acts or statutes), in connection with any legal proceedings, agency proceedings, administrative proceedings, enforcement or investigatory proceedings and any lawsuit that is filed, brought, initiated or pursued in the future and which is in any way based upon the events occurring before execution of this Agreement or which is in any way related to the claims, causes of action, damages and relief released herein.

It is Plaintiffs' intention that Plaintiffs' execution of this Agreement will forever bar every claim, demand, cause of action, charge and grievance against Defendants existing at any time prior to and through the date of execution of this Agreement.

4831-3889-8775.1                                    -4-

Nothing in this Agreement is intended to or shall prohibit, limit, or otherwise interfere with Plaintiffs' rights under federal, state or local employment discrimination laws (including, without limitation, the ADEA and Title VII) to communicate or file a charge with, or participate in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission ("EEOC") or similar federal, state or local government body or agency charged with enforcing employment discrimination laws. Therefore, nothing this agreement shall prohibit, interfere with, or limit Plaintiffs from filing a charge with, or participating in any manner in an investigation, hearing or proceeding conducted by, the EEOC or similar federal, state, or local agency. However, Plaintiffs shall not be entitled to any relief or recovery (whether monetary or otherwise), and Plaintiffs hereby waive any and all rights to relief or recovery, under, or by virtue of, any such filing of a charge with, or investigation, hearing or proceeding conducted by, the EEOC or any other similar federal, state, or local government agency relating to any claim that has been released in this agreement.

Nothing in this agreement is intended to or shall prohibit, limit, or otherwise interfere with Plaintiffs' right to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Plaintiffs from cooperating with any such agency in its investigation.

  3.   **Distribution of Settlement Proceeds.** The Settlement Amount shall be distributed as follows:

  a.   **Luis E. Lopez**: Payment to Luis E. Lopez in the amount ELEVEN THOUSAND, EIGHT HUNDRED SIXTY-THREE and 14/100 Dollars ($11,863.14), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to him under the FLSA.

  b.   **Manuel Barrera**: Payment to Manuel Barrera in the amount TWO THOUSAND, FIVE HUNDRED NINETEEN and 61/100 Dollars ($2,519.61), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to him under the FLSA.

  c.   **Bendictina Palacios**: Payment to Benedictina Palacios in the amount TWO THOUSAND, SIXTY-ONE and 64/100 Dollars ($2,061.64), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to her under the FLSA.

  d.   **Nayeli Vargas**: Payment to Nayeli Vargas in the amount ONE THOUSAND, THREE HUNDRED THIRTY-THREE and 54/100 Dollars ($1,333.54), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to her under the FLSA.

  e.   **Pablo Galindo**: Payment to Pablo Galinda in the amount ONE THOUSAND, EIGHT and 53/100 Dollars ($1,008.53), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to him under the FLSA.

  f. **Adalila Sandoval**: Payment to Adalila Sandoval in the amount EIGHT HUNDRED SEVENTY and 83/100 Dollars ($870.83), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to her under the FLSA.

  g. **David Grado**: Payment to David Grado in the amount EIGHT HUNDRED SEVENTY and 83/100 Dollars ($870.83), representing all unpaid minimum and overtime wages, and liquidated damages, allegedly due and owing to him under the FLSA.

  h. Payment to The Bendau Law Firm PLLC of TWENTY-NINE THOUSAND, FOUR HUNDRED SEVENTY-ONE and 88/100 Dollars ($29,471.88), which consists of Attorneys' Fees in the amount of TWENTY-SIX THOUSAND, FOUR HUNDRED TWENTY-FIVE and 33/100 Dollars ($26,425.33) and Costs in the amount of THREE THOUSAND, FORTY-SIX and 55/100 Dollars ($3,046.55). In addition, within ten (10) days of the parties obtaining approval of the settlement agreement from the Court, Defendants shall mail to The Bendau Law Firm of 50 vouchers, each good for a "premium" car wash, valid at any of Defendants' Squeaky Clean Car Wash locations.

  The foregoing distributions to Plaintiffs were determined by calculating all hours worked by each plaintiff for which he or she allegedly did not receive an overtime premium and paying the full amount of allegedly unpaid overtime premium and doubling those damages, plus an additional payment of $800.00 representing allegedly unpaid minimum wage hours for each Plaintiff. Based upon the above-noted distribution, Class Counsel will issue checks to the appropriate Plaintiff in the amount of the Individual Settlement Payment.

  No Individual Settlement Payment is or shall be deemed to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation, and/or wages under any employee benefit plan or employment policy of any of the Defendants. No Individual Settlement Payment shall form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan or employment policy of any of the Defendants or any of their present or former parent corporations or affiliates or any jointly trusteed benefit plans. Defendants retain the right to modify and/or amend the language of any of their employee benefit plans and employment policies and to seek to have modified and/or amended the language of any jointly administered benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by either Party as compensation or wages or payments for "hours worked" as defined by the applicable plans and policies and that no additional contributions or benefits will be provided by reason of this Agreement.

  **4.** **Responsibility for Taxes and Indemnification.** Plaintiffs shall be responsible for remitting to the appropriate federal and/or state taxing authorities any applicable taxes due on Individual Settlement Payments received under this Agreement. Plaintiffs expressly acknowledge that the Defendants have made no representations to them regarding the tax consequences of any of the payments received pursuant to the Agreement. Plaintiffs agree that

each of them is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that is required for the payments, with the exception of only any employer portion of payroll taxes that may be assessed on the payments.

Plaintiffs agree that, in the event it subsequently should be determined that withholding or payment of taxes on any amounts received by them under this Agreement, or any part thereof, should have been made, whether by the Plaintiffs or the Defendants, the Plaintiff who was the payee shall be solely responsible for all such taxes, interest or penalty incurred by the Defendants, with the exception of only any employer portion of payroll taxes that may be assessed on the payments.

5. **Joint Motion for Court Approval of Settlement Agreement.** Within twenty-one (21) days after the full execution of this Settlement Agreement, Plaintiffs' counsel shall file a joint motion with the Court seeking approval of the settlement. The motion shall request that the Court approve the settlement as fair, adequate, and reasonable and enter an order dismissing the Lawsuit with prejudice. Counsel for the Parties shall work cooperatively and in good faith to prepare the motion, as well as any other documents necessary to effectuate the provisions of this Agreement.

The Parties' settlement is contingent on Court approval of this Agreement as written. In the event the Court does not grant approval of this Agreement, the Agreement shall be null and void and of no effect, and any order entered by the Court in furtherance of the Agreement shall be treated as void *ab initio*. In the event this Agreement becomes void pursuant to this Paragraph, the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of the Agreement, and they shall proceed in all respects as if this settlement and any related Court order had not been executed or entered.

6. **Attorneys' Fees and Costs.** Except as provided in this Agreement, Class Counsel waives any right or entitlement to attorneys' fees as part of the settlement of the Lawsuit. Plaintiffs shall not seek attorneys' fees or costs as part of this settlement beyond that portion of the Settlement Amount that is marked for distribution to Class Counsel.

7. **Non-Disparagement.** Plaintiffs will not, either orally or in writing, make defamatory or otherwise injurious statements concerning Defendants (including Defendants' employees). Defendants will not, either orally or in writing, make defamatory or otherwise injurious statements concerning Plaintiffs. This provision is a material, essential and indispensable condition of this Agreement. In the event that a third party of any of the Plaintiffs (e.g., prospective employer or lender) should contact any of the Defendants, the Defendants agree to disclose only Plaintiffs' dates of employment and positions(s) held.

8. **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Lawsuit and defending against future claims released by this Agreement, neither this Agreement, nor any of its terms, nor any document, statement, proceeding or conduct relating to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties,

including, without limitation, evidence of a presumption, concession, indication, or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

**9. Settlement is Fair, Adequate, and Reasonable.** The Parties believe this Agreement is a fair, adequate, and reasonable settlement of the Lawsuit and have arrived at this Agreement through substantial, arm's-length negotiations, taking into account all relevant factors, present and potential. This Agreement was reached after extensive negotiations and exchange of information.

**10. Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. Only John Epley has the authority to amend or modify this Agreement on behalf of any of the Defendants.

**11. Entire Agreement.** This Agreement constitutes the entire agreement regarding the subject matter hereof, and no oral or written representations, warranties, or inducements have been made to any Plaintiff concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this Agreement. Defendants' obligations to Plaintiffs and/or their counsel are limited to those expressly set forth herein. Defendants shall not be responsible for – and no person participating in this settlement shall have any claim against any Defendants for liability associated with – calculating the Individual Settlement Payments, for ensuring that Plaintiffs receive the Individual Settlement Payments (other than providing a check to Class Counsel as provided herein).

**12. Authority to Enter Into Settlement Agreement.** Counsel for the Parties warrant and represent they are expressly authorized by their clients to negotiate this Settlement Agreement and to take all appropriate action and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with one another and use their best efforts to effect the implementation of this Agreement and to seek Court approval. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement or effectuate the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, any party may seek the assistance of the Court to resolve such disagreement.

**13. Applicable Law.** This Agreement shall be governed by and interpreted according to the laws of the State of Arizona.

**14. Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts upon request. A signature transmitted by fax or PDF shall have the same effect as an original ink signature.

**15. Interpretation.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the

4831-3889-8775.1

-8-

Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

_____   Date: 12/7, 2017
Luis Lopez

_____   Date: 12 07, 2017
Manuel Barrera

_____   Date: 12/9, 2017
Benedictina Palacios

_____   Date: 12/7, 2017
Nayeli Vargas

_____   Date: 12/7, 2017
Pablo Galindo

_____   Date: 12/9/17, 2017
Adalila Sandoval

_____   Date: 12\07, 2017
David Gado

**CLASS COUNSEL:** Clifford P. Bendau, II   Date: December 11, 2017
The Bendau Law Firm PLLC

**DEFENDANTS:** _____   Date: 12-12, 2017
John Epley, on behalf of himself and all Defendants

**DEFENDANTS' COUNSEL:** _____   Date: 12/12, 2017
Lewis Brisbois Bisgaard & Smith LLP

4831-3889-8775.1                    -9-